Stephanie R. Tatar – State Bar No. 237792
**TATAR LAW FIRM, APC**
3500 West Olive Avenue, Suite 300
Burbank, California 91505
Telephone: (323) 744-1146
Facsimile: (888) 788-5695
Stephanie@thetatarlawfirm.com

*Attorney for Plaintiff Courtney Joslin*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **COURTNEY JOSLIN** ) | |
| ) | |
| **Plaintiff,** ) | **CIVIL ACTION NO: 5:16-CV-951** |
| ) | |
| **v.** ) | **COMPLAINT** |
| ) | |
| **STERLING INFOSYSTEMS,** ) **INC.** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Defendant.** ) | |
| ) | |

### I.   Preliminary Statement

1.    This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended.*   Under the FCRA, "consumer reports" subject to the statute's protections include not simply those

1

used in establishing the consumer's eligibility for credit, but also those used for "employment purposes." 15 U.S.C. § 1681a(d)(1)(B).

2.     The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b). Congress included in the statutory scheme a series of protections that impose strict procedural rules on consumer reporting agencies such as Sterling Infosystems, Inc. d/b/a Sterling Backcheck ("Sterling"). This action involves Defendant's systematic violation of several of those important rules.

## II.     <u>Jurisdiction and Venue</u>

3.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331.

4.     Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## III.     <u>Parties</u>

5.     Plaintiff Courtney Joslin is an adult individual who resides in the state of California.

6.     Defendant Sterling Infosystems, Inc., ("Sterling") is a consumer reporting agency which provides background and employment screening services,

COMPLAINT AND JURY DEMAND

risk-management services and products, information management products and services, and decisions-making intelligence.  Sterling regularly conducts business in the Central District of California, and has a principal place of business at 1 State Street Plaza, 24th Floor, New York, New York 10004.

## IV.    **Factual Allegations**

7.     Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history to third parties (hereafter the "inaccurate information").

8.     Defendant misreports Plaintiff's criminal history and misleadingly labels Plaintiff as a convicted sex offender purportedly listed on the Department of Justice sex offender list.

9.     The inaccurate information negatively reflects upon the Plaintiff and misidentified Plaintiff as a sex offender.

10.     Defendant has been reporting the inaccurate information through the issuance of false and inaccurate background information and consumer reports that it has disseminated to various persons and prospective employers, both known and unknown.

11.     Plaintiff has applied for and has been denied employment opportunities, including but not limited to, employment opportunities with Amazon through the SMX staffing agency in or around November 2015.  Plaintiff has been informed that the basis for the denial was the inaccurate information that

appears on Plaintiff's consumer reports with Defendant and that the inaccurate information was a substantial factor for the denial.

12. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunity, harm to reputation, emotional distress, including anxiety, frustration, humiliation and embarrassment.

13. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

14. At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

### V.   CLAIMS
### COUNT ONE - FCRA

15. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

16. At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

4

17.   At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

18.   At all times pertinent hereto, the above-mentioned reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

19.   Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

20.   The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## VI.   JURY TRIAL DEMAND

21.   Plaintiff demands trial by jury on all issues so triable.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)   Actual damages;

COMPLAINT AND JURY DEMAND

(b)    Statutory damages;

(c)    Punitive damages;

(d)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

(e)    Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**TATAR LAW FIRM, APC**

BY:    _____
Stephanie Tatar
Attorney for Plaintiff

DATE: May 10, 2016

6

COMPLAINT AND JURY DEMAND